129 F.3d 129
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NITED STATES of America, Plaintiff-Appellee,
v.
VACANT PROPERTY, Parcel Number 105-17-171, Lake Havasu City,
Arizona, owned by Ted Millican and Laura Garcia; Vacant
Property, Parcel Number 109-10-020, Lake Havasu City,
Arizona, owned by Ted Millican and Laura Garcia; Vacant
Property, Parcel Number 105-17-170, Lake Havasu City,
Arizona, owned by Ted Millican, Defendants,
Ted MILLICAN, Claimant-Appellant.
 No. 96-15215.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.**
Decided Oct. 23, 1997.
 
 Before THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ted Millican appeals pro se the district court's denial of his motion to vacate a final judgment of forfeiture pursuant to Federal Rule of Civil Procedure 60(b). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Relying on United States v. 405,089.23 U.S. Currency, 33 F.3d 1210 (9th Cir.1994), Millican contends that the Double Jeopardy Clause barred the civil forfeiture of his real property. This contention fails because the Supreme Court has since held that civil forfeitures do not constitute punishment for purposes of the Double Jeopardy Clause. See United States v. Ursery, 116 S.Ct. 2135, 2149 (1996) (reversing $405,089.23 U.S. Currency ).
 
 
 4
 Millican also contends that the judgment forfeiting his property was void because he did not receive pre-seizure notice and an opportunity to be heard, as required by United States v. James Daniel Good Property, 971. F.2d 1376, 1384 (9th Cir.1992), aff'd, 510 U.S. 43, 62 (1993). Even assuming Millican did not receive pre-seizure notice and an opportuni-ty to be heard, that does not invalidate the forfeiture. See id.; United States v. Real Property Located at 20832 Big Rock, Drive, Malibu, Cal., 51 F.3d 1402, 1406 (9th Cir.1995). Thus, Millican was not entitled to relief under Rule 60(b)(4). See Fed.R.Civ.P. 60(b)(4) (permitting relief if judgment void).[1]
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir R. 36-3
 
 
 [1]
 Because Millican did not file his Rule 60 motion within one year of the entry of judgment, he was not entitled to relief under Rule 60(b)(3). See Fed.R.Civ.P. 60. We do not consider Millican's claim that he entered into the stipulation under threat of "economic duress," because he did not present this claim to the district court. See Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 515 (9th Cir.1992) (issue preserved for appeal where raised during motion for reconsideration in district court)